IN THE DISTRICT COURT OF UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

CARROL J. EILAND, §

    Plaintiff, §

v. §

JOHN DOE; UNITED STATES OF §
AMERICA; Defendants "A" and "B", the §
owner and operator respectively, of the vehicle §
being operated by Defendant, **JOHN DOE**, or §
by Defendant "B" upon the occasion made the §
basis of this suit; Defendant "C", the person, §
firm or corporation responsible for the §
maintenance of the vehicle which was being §
operated by Defendant, **JOHN DOE**, or §
Defendant "B" upon the occasion made the §
basis of this suit; Defendant "D", the person, §
firm, or corporation responsible for the §
inspection of the vehicle which was being §
operated by Defendant, **JOHN DOE**, or by §
Defendant "B" upon the occasion made the §
basis of this suit; Defendant "E", the person, §
firm, or corporation responsible for the state of §
repairs of the vehicle being operated by §
Defendant, **JOHN DOE**, or by Defendant "B", §
on the occasion made the basis of this suit; §
Defendant "F", the employer of **JOHN DOE** §
or Defendant "B", on the occasion made the §
basis of this suit; Defendant "G", the Fictitious §
Defendant who was responsible for the §
supervision for Defendant, **JOHN DOE**, or §
Defendant "B" on the occasion made the basis §
of this suit; Defendant "H", the Fictitious §
Defendant who was responsible for the hiring §
of Defendant, **JOHN DOE**, or Defendant "B" §
prior to the accident on the occasion made the §
basis of this suit; Defendant "I", the Fictitious §
Defendant who was responsible for the training §
of Defendant, **JOHN DOE**, or Defendant "B" §
prior to the accident on §
§

RECEIVED
2007 FEB -9 A 9:23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:07-cv-126-WHA

| | |
|---|---|
| the occasion made the basis of this suit; Defendant "J", the Fictitious Defendant who negligently and/or wantonly entrusted the vehicle owned by Defendant "A" and/or **UNITED STATES OF AMERICA,** or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit; Defendant "K", the Fictitious Defendant who negligently and/or wantonly retained Defendant, **JOHN DOE,** and/or Defendant "B" as an employee and/or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit, all of those whose true names are otherwise unknown to the Plaintiff at this time but, will be added by Amendment when ascertained, § § § § § § § § § § § § § § § § § § | **Civil Action No.** **CV-07- 2:07-126-WHA** |
| Defendants. § § | |

## COMPLAINT

COMES NOW, the Plaintiff, **CARROL J. EILAND**, and names as Defendants **JOHN DOE, UNITED STATES OF AMERICA,** "A", "B", "C", "D", "E", "F", "G", "H", "I", "J" and "K", and sets forth a cause of action for personal injuries caused by Defendant's, **JOHN DOE's**, operation of an automobile.

## COUNT I

1. It is believed Defendant, **JOHN DOE**, is a citizen of the State of Alabama.

2. Defendant, **UNITED STATES OF AMERICA** is a corporation operating in the State of Alabama.

3. Defendants "A" and "B" are the owners and operators, respectively, of the vehicle being operated by driver, **JOHN DOE**, upon the occasion made the basis of this suit.

4. Defendant "C" is the person, firm, or corporation responsible for the maintenance of the vehicle, which was being operated by driver, **JOHN DOE**, on the occasion made the basis of this suit.

5. Defendant "D" is the person, firm, or corporation responsible for the inspection of the vehicle, which was being operated by driver, **JOHN DOE**, on the occasion made the basis of this suit.

6. Defendant "E" is the person, firm, or corporation responsible for the state of repairs of the vehicle being operated by driver, **JOHN DOE**, on the occasion made the basis of this suit.

7. Defendant "F" is the employer of **JOHN DOE** on the occasion made the basis of this suit.

8. Defendant "G" is the Fictitious Defendant who was responsible for the supervision for Defendant, **JOHN DOE**, on the occasion made the basis of this suit.

9. Defendant "H" is the Fictitious Defendant who was responsible for the hiring of driver, **JOHN DOE**, prior to the accident on the occasion made the basis of this suit.

10. Defendant "I" is the Fictitious Defendant who was responsible for the training of driver, **JOHN DOE**, prior to the accident on the occasion made the basis of this suit.

11. Defendant "J" is the Fictitious Defendant who negligently and/or wantonly entrusted the vehicle owned by Defendant, **UNITED STATES OF AMERICA**, and/or Defendant "A" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

12. Defendant "K" is the Fictitious Defendant who negligently and/or wantonly retained driver, **JOHN DOE**, and/or Defendant "B" as an employee to operate the vehicle owned by

Defendant, **UNITED STATES OF AMERICA,** and/or Defendant "A" or other Fictitious Defendants at the time of the accident on the occasion made the basis of this suit.

13. On or about the 10th day of **March, 2005,** the Kelley Street Entrance to Maxwell Air Force Base was an entrance to Maxwell Air Force Base with lanes entering the base and lanes exiting the base, running in a generally west to east direction with lanes for traffic traveling west and lanes for traffic traveling east.

14. On the 10th **day of March, 2005,** Plaintiff, **CARROL J. EILAND,** was working presidential detail while on active duty training standing guard at the Kelley Street entrance to Maxwell Air Force Base, while Defendant, **JOHN DOE,** and/or Defendant "B" was operating Defendant, **UNITED STATES OF AMERICA's,** and/or Defendant "A"'s, automobile also in a westerly direction on Bell Street in Montgomery County, Alabama.

15. Plaintiff alleges that the vehicle driven by Defendant, **JOHN DOE,** and owned by Defendant, **UNITED STATES OF AMERICA,** was attempting to gain access onto Maxwell Air Force Base when the plaintiff instructed Defendant **John** Doe he would not be able to enter the base to deliver the mail due to the president's visit and security reasons. While Defendant **John Doe** was maneuvering his vehicle to leave the base entrance he struck the plaintiff in the back knocking him to the ground.

16. Plaintiff alleges that Defendant, **JOHN DOE,** and/or Defendant "B" drove Defendant, **UNITED STATES OF AMERICA's,** and/or Defendant "A"'s vehicle into the person of the Plaintiff, **CARROL J. EILAND**.

17. At the date and time stated above, Defendant, **JOHN DOE,** was negligent and/or wanton in striking the person of the Plaintiff's, **CARROL J. EILAND's** vehicle.

18.  At the date and time stated above, as Defendant, **JOHN DOE**, and/or Defendant "**B**" drove Defendant, **UNITED STATES OF AMERICA's,** and/or Defendant "**A**"'s, vehicle into the person of the Plaintiff, **CARROL J. EILAND's**, no objects or obstacles whether fixed or moving existed between the vehicle operated by Defendant, **JOHN DOE**, and/or Defendant "**B**" and the Plaintiff, **CARROL J. EILAND**, that could have or that did prevent Defendant, **JOHN DOE**, and/or Defendant "**B**" from seeing the Plaintiff, **CARROL J. EILAND.** Plaintiff, **CARROL J. EILAND,** was at the time of and immediately prior to the collision in plain view of Defendant, **JOHN DOE.**

19.  The negligent and/or wanton acts and omissions of the Defendant, **JOHN DOE,** and/or Defendant "**B**" include but, are not limited to, the following:

   A.  Failure to control the vehicle owned by Defendant, **UNITED STATES OF AMERICA**, and/or Defendant "**A**" in such a manner as to prevent a collision with the Plaintiff, **CARROL J. EILAND**;

   A.  Failure to show due and proper regard for the Plaintiff;

   B.  Failure to keep a proper lookout so as to avoid a collision with the Plaintiff; and

   C.  Failure to leave proper distance between his vehicle and Plaintiff's;

   D.  Failure to yield right-of- way;

   E.  Such other acts or omissions of negligence the evidence may reveal at trial.

20.  The negligence and/or wantonness of Defendant, **JOHN DOE,** and/or Defendant "**B**" was the proximate cause of the injuries sustained by the Plaintiff, **CARROL J. EILAND**. He received injuries to his neck and back, as well as injuries to his entire person. Plaintiff, **CARROL J.**

EILAND, was caused to incur medical bills, physician expenses, loss of income, permanent physical impairment, vocational disability, pain and suffering, emotional distress, loss of enjoyment in social activities and life in general. Plaintiff, **CARROL J. EILAND**, will also incur future medical bills, physician expenses, future loss of income, pain and suffering, and emotional distress.

WHEREFORE, Plaintiff, **CARROL J. EILAND**, demands judgment against all defendants in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), in compensatory and punitive damages which the court believes would be fair and just together with the costs of this action.

## COUNT II

21. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty (20) into paragraph twenty-one (21) of his complaint.

22. Plaintiff re-alleges all of the allegations of paragraphs thirteen (13) through twenty (20) against Defendant **UNITED STATES OF AMERICA, and Defendant "A"** the owner and Defendant "B" who was the operator of the vehicle which struck the Plaintiff, **CARROL J. EILAND**.

## COUNT III

23. Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-two (22) into paragraph twenty-three (23) of his complaint.

24. Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA**, and/or Defendants "A" and/or "C" negligently and/or wantonly maintained the vehicle driven by Defendant, **JOHN DOE,** and/or Defendant "B" and owned by Defendant, **JOHN DOE**, and/or Defendant "A" at the time of the collision with the Plaintiff, **CARROL J. EILAND**.

## COUNT IV

25.　Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-four (24) into paragraph twenty-five (25) of his Complaint.

26.　Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "D" negligently and/or wantonly inspected the vehicle driven by Defendant, **JOHN DOE,** and/or Defendant "B" and owned by Defendant, **UNITED STATES OF AMERICA,** and/or by Defendant "A", at the time of the collision with the Plaintiff, **CARROL J. EILAND.**

## COUNT V

27.　Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-six (26) into paragraph twenty-seven (27) of his Complaint.

28.　Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "E" negligently and/or wantonly repaired the vehicle driven by Defendant, **JOHN DOE,** and/or Defendant "B" and owned by Defendant, **UNITED STATES OF AMERICA,** and/or Defendant "A" at the time of the collision with the Plaintiff, **CARROL J. EILAND.**

## COUNT VI

29.　Plaintiff incorporates by reference the allegations of paragraphs one (1) through twenty-eight (28) into paragraph twenty-nine (29) of his complaint.

30.　Prior to the collision alleged in Count I, Defendant, **JOHN DOE,** and/or Defendant "B" was acting as an agent and employee of Defendant, **UNITED STATES OF AMERICA,** and/or

Defendants "A" and/or "F" within the line and scope of his authority for Defendant, **UNITED STATES OF AMERICA**, and/or Defendants "A" and/or "F".

## COUNT VII

31. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty (30) into paragraph thirty-one (31) of his complaint.

32. Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA**, and/or Defendants "A" and/or "G" negligently and/or wantonly supervised Defendant, **JOHN DOE**, and/or Defendant "B" as an employee driver for Defendant, **UNITED STATES OF AMERICA**, and/or Defendant "A" during the period of time Defendant, **JOHN DOE**, and/or Defendant "B" worked for and/or drove a vehicle for Defendant, **UNITED STATES OF AMERICA**, and/or Defendant "A".

33. The negligence and/or wantonness of Defendant, **UNITED STATES OF AMERICA**, and/or Defendants "A" and/or "G" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in his complaint.

## COUNT VIII

34. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-three (33) into paragraph thirty-four (34) of his complaint.

35. Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA**, and/or Defendants "A" and/or "H" negligently and/or wantonly hired Defendant, **JOHN DOE**, and/or Defendant "B" as an employee driver for Defendant, **UNITED STATES OF AMERICA**, and/or Defendant "A".

36. The negligence and/or wantonness of Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "H" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in his complaint.

### COUNT IX

37. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-six (36) into paragraph thirty-seven (37) of his complaint.

38. Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "I" negligently and/or wantonly trained Defendant, **JOHN DOE,** and/or Defendant "B" as an employee driver for Defendant, **UNITED STATES OF AMERICA,** and/or Defendant "A" prior to allowing Defendant, **JOHN DOE,** and/or Defendant "B" to drive and/or work for Defendant, **UNITED STATES OF AMERICA**

39. The negligence and/or wantonness of Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "I" combined and concurred with others; and as a proximate cause of the concurrent and combined negligence and/or wantonness, the Plaintiff received the injuries previously stated in his complaint.

### COUNT X

40. Plaintiff incorporates by reference the allegations of paragraphs one (1) through thirty-nine (39) into paragraph forty (40) of his complaint.

41. Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "J" negligently and/or wantonly entrusted to Defendant,

JOHN DOE, and/or to Defendant "B" the vehicle owned by Defendant, **UNITED STATES OF AMERICA,** and/or Defendant "A" which struck the Plaintiff, **CARROL J. EILAND.**

## COUNT XI

42. Plaintiff incorporates by reference the allegations of paragraphs one (1) through forty-one (41) into paragraph forty-two (42) of his complaint.

43. Prior to the collision alleged in Count I, Defendant, **UNITED STATES OF AMERICA,** and/or Defendants "A" and/or "K" negligently and/or wantonly retained Defendant, **JOHN DOE,** and/or Defendant "B" as an employee to operate the vehicle owned by Defendant, **UNITED STATES OF AMERICA,** and/or Defendant "A" which struck the Plaintiff, **CARROL J. EILAND.**

WHEREFORE, Plaintiff, **CARROL J. EILAND,** demands judgment against the Defendants **JOHN DOE, UNITED STATES OF AMERICA,** "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", and "K", in a sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), in punitive and compensatory damages which the court would feel is just and fair together with the costs of this action.

_____
CARROL J. EILAND
PLAINTIFF

STATE OF ALABAMA    )
                    *
ELMORE COUNTY       )

    Before me, the undersigned authority, personally appeared **CARROL J. EILAND**, who, after first being duly sworn, states on oath that he has read the foregoing Complaint and that the facts stated therein are true and correct to the best of his knowledge, information and belief.

_____
CARROL J. EILAND
**PLAINTIFF**

**SWORN TO AND SUBSCRIBED** before me on this the 8th day of February, **2007**.

_____
Notary Public
My Commission Expires: 07-01-08

[SEAL]

_____
Guy R. Willis [WIL135]
**ATTORNEY FOR PLAINTIFF**

**Of Counsel:**
Guy R. Willis & Associates
4761 Main Street
Post Office Drawer 1227
Millbrook, Alabama 36054
Telephone:  (334) 285-4488
Facsimile:  (334) 285-4552

_____
Guy R. Willis
**ATTORNEY FOR PLAINTIFF**